UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Ronald John Boris, Jr<br>Danielle M. Boris<br>Debtors | Case No.: 5:22-bk-01370-MJC<br><br>Chapter: 13 |
| Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust<br>Movant | Judge: Mark J. Conway<br><br>Hearing Date: September 15, 2022 at 10:00 am<br><br>Objection Deadline: September 8, 2022 |
| Ronald John Boris, Jr<br>Danielle M. Boris<br>Jack N Zaharopoulos, Trustee<br>Respondents | |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND IN REM/PROSPECTIVE RELIEF WITH RESPECT TO PROPERTY

Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust (on behalf of itself and together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1) vacating the automatic stay and granting In Rem/Prospective Relief to permit Movant to enforce its mortgage on the Debtor's premises located at 93 Comanche Dr, Auburn, PA 17922 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. The Petition under Chapter 13 of the United States Bankruptcy Code was filed by the Debtors on July 26, 2022.

2. Movant is the holder of a Note executed by the Debtors and dated December 12, 2007 whereby the Debtor and Co-Debtor promised to repay $175,500.00 plus interest to

Advanced Financial Services, Inc. (the "Original Lender"). A copy of the Note is marked **Exhibit "A"** and attached hereto.

3. To secure the repayment of the Note, the Debtor and Co-Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Original Lender, encumbering the Property commonly known as 93 Comanche Dr, Auburn, PA 17922, which Mortgage was recorded in the Official records of Schuylkill County at Book 2286, Page 1856-1872 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. A copy of the recorded Mortgage is marked **Exhibit "B"** and attached hereto.

4. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the chain of Assignments of Mortgage are marked **Exhibit "C"** and attached hereto.

5. The Debtor and Co-Debtor entered into a Loan Modification Agreement with prior servicer Caliber Home Loans, Inc. effective April 1, 2018 that created a new principal balance of $179,101.68. A copy of the Loan Modification Agreement is attached hereto as **Exhibit "D"**.

6. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

7. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The Debtor failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, a foreclosure action was commenced in the Schuylkill County Court of Common Pleas on January 11, 2019 under Docket #S-64-2019. ("the Foreclosure Action"). A copy of the foreclosure docket is attached hereto as **Exhibit "E"**.

9. Judgment was entered on May 8, 2019. A copy of the Judgment Order is marked **Exhibit "F"** and attached hereto.

10. A Sheriff's Sale was scheduled for August 9, 2019. A copy of the Notice of Sale is marked **Exhibit "G"** and attached hereto.

11. Debtors filed their first Chapter 13 bankruptcy, case #5:19-03043-HWV on July 16, 2019, staying the scheduled Sale. The case was dismissed for default of plan payments on April 23, 2021. A copy of the Dismissal Order is attached hereto as **Exhibit "H"**.

12. Debtors filed their second Chapter 13 bankruptcy, case #5:21-00994-MJC on April 30, 2021, just seven days after dismissal of the previous case. Movant obtained Relief from the Automatic Stay on February 28, 2022 and the case was subsequently dismissed for default of plan payments on April 6, 2022. A copy of the Relief Order and Dismissal Order are attached hereto as **Exhibit "I"**.

13. Debtors filed this instant bankruptcy on July, 26, 2022, the third bankruptcy filed since foreclosure proceedings commenced.

14. As of August 9, 2022, the Debtor has not made any post-petition payments due to Movant. The loan is post-petition due for August 1, 2022. Attached as **Exhibit "J"** is a copy of the 4001-1 form.

15. Debtor is contractually due for the December 1, 2018 mortgage payment. Payoff as of the filing date is $299,385.22 with pre-petition arrears of approximately $60,875.46.

16. Debtor's Schedule D filed on July 26, 2022 values the property at $280,000.00. A copy of Debtor's Schedule D is attached hereto as **Exhibit "K"**.

17. It appears that Debtor lacks equity in the Property.

18. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured

creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

18. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

19. Plaintiff incurred attorney's fees in the amount of $1,450.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

20. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and continuation tion of a foreclosure action and/or eviction proceeding with regard to the Property.

21. Movant may be irreparably harmed by any further filings of the Debtor due to the number of previous unsuccessful bankruptcy filings and therefore Movant seeks *in rem* relief.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362, 11 U.S.C. § 1301 and for In Rem/Prospective Relief from the Automatic Stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3). In addition, Movant requests an Order allowing Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtor without further order of the court

and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: August 25, 2022

By: /s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com